UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CARLOS PILLACELA FERNANDEZ,<br><br>           Petitioner,<br><br>   v.<br><br>LUIS SOTO, et al.,<br><br>           Respondents. | Civil Action No. 26-1002 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Juan Carlos Pillacela Fernandez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador who has resided in the United States since 2020. (ECF No. 1 ¶¶ 15, 41). He is married to a United States citizen. (*Id.* ¶ 44).

3. The Department of Homeland Security ("DHS") arrested petitioner on January 10, 2026 and detained him pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 4 at 1-2).

4. There is no indication that Petitioner has a criminal history or that he is currently subject to a final order of removal. (ECF No. 1 ¶ 44).

5. Notwithstanding the foregoing and no final order of removal having been entered, DHS agents arrested and detained Petitioner without providing him any bond hearing or other individualized custody determination following his detention. (*Id.* ¶¶ 45-46).

6. Respondents filed an answer on February 6, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without

inspection or parole who was initially detained by immigration authorities near the United States/Mexico border without having been lawfully admitted. Accordingly, he is an 'applicant for admission' who is not entitled to a bond hearing."  (ECF No. 4 at 2).

7. Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases. (*Id.*)

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. This Court concludes that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1] *See Patel*, 2025 WL 3012323, at *3-4.

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not

11.  Federal courts have similarly rejected in near unanimity Respondents' position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *but see Buenrostro-Mendez v. Bondi*, ____ F.4th ____, No. 25–20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

12.  The basis for the Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). "[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained … ." *Id.* at 366.

13.  This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional

---

"inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

[2] *Buenrostro-Mendez* is not binding authority on this Court. This Court is unpersuaded by its reasoning for many of the reasons articulated in Judge Douglas's dissent, including that the majority's interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez*, 2026 WL 323330, at *10 (Douglas, J., dissenting).

rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Id.* at 373; *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code. It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

14. Therefore, this Court will grant the Petition and order Petitioner's release.

15. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 27, 2026